# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1375 | **DATE** | December 1, 2010 |
| **CASE TITLE** | Nelson L. Bryant (#2008-0026265) v. County of Cook, et al. | | |

**DOCKET ENTRY TEXT:**

Pursuant to 28 U.S.C. § 1915A, Plaintiff may proceed on his second amended complaint as detailed in this order. The Clerk is directed to issue summonses for all Defendants and the U.S. Marshal's Service is appointed to serve them. The Clerk is also directed to send Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. Plaintiff's motion for appointment of counsel [#6] is denied.

■ [For further details see text below.]          Docketing to mail notices.

## STATEMENT

     Plaintiff has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims all stem from being placed in Division 10 at Cook County Jail, due to the closing of the RTU (residential treatment unit), which used to house pre-trial detainees in a dorm-like setting. Plaintiff claims that he has is claustrophobic and being closed in a cell at Cook County Jail has caused him harm. He further claims that his cell-mate, and other inmates are permitted to burn milk cartons in their cells, causing thick black smoke and soot to accumulate on the walls. Plaintiff alleges that the resulting poor condition of the air in the cell causes him anxiety and headaches. Plaintiff's final claim is that he is only allowed out of his cell for two hours per day, while other inmates in Division 10, on different tiers, are allowed out of his cell for up to six hours per day. Plaintiff alleges that all of the alleged violations detailed above are part of a custom and policy in place at the Cook County Jail to keep the pre-trial detainees under conditions which do not pass constitutional muster.

     Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action for equal protection with respect to inmates on different tiers being allowed to spend up to six hours per day out of their cells when he is restricted to two hours out of his cell per day. *See Brown v. Budz*, 398 F.3d 904, 916 (7th Cir, 2005) *citing McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir 1993). The Court further finds that Plaintiff has stated an official capacity claim only with respect to deliberate indifference to mental health care at Cook County Jail. *Sanville v. McCaughtry*, 266 F.2d 724, 734 (7th Cir. 2001). Plaintiff does not allege personal involvement by any of the policy makers or decision makers, rather alleges a policy of closing the RTU that has resulted in inadequate mental health care at the Cook County Jail.

     However, Plaintiff's conditions of confinement claims with respect to his claustrophobia fail to state a cause of action. The Seventh Circuit has written on the issue of claustrophobic inmates and conditions of confinement claims, stating: "We doubt whether [Plaintiff's] claim that he was placed in a shuttered cell despite his claustrophobia meets the standard of alleging an excessive risk to his health or safety. [Plaintiff] has not cited,

**(CONTINUED)**          AWL

| STATEMENT |
|---|

and we could not find, any cases holding that placing an individual with claustrophobia in such a cell creates an objectively serious danger, and given that confinement of prisoners in cells of limited size is inherent in imprisonment, we are hesitant to make such a finding outside of an extreme case. *Goetsch v. Berge,* 3 Fed. Appx. 551, 553 (7th Cir. 2001). This Court likewise could find no other cases that support a finding that Plaintiff has stated a cause of action, and Plaintiff has not pled an "extreme" case. Consequently, his conditions claim related to his claustrophobia is dismissed.

Additionally, Plaintiff's claim regarding smoke from burning milk cartons fails. Subjection to second-hand smoke does not normally violate a prisoner's constitutional rights. Although the Constitution prohibits cruel and unusual punishment, "it does not require the most intelligent, progressive, humane, or efficacious prison administration." *Anderson v. Romero*, 72 F.3d 518, 524 (7th Cir. 1995). failing to provide a maximally safe environment, one completely free from pollution or safety hazards is not [a form of cruel and unusual punishment]. Many Americans live under conditions of exposure to various contaminants. The Eighth Amendment does not require prisons to provide prisoners with more salubrious air, healthier food, or cleaner water than are enjoyed by substantial numbers of free Americans. *See Gurley v. Sheahan,* No. 06 C 3454, 2009 U.S. Dist. LEXIS 62995 **18-19 (N.D. Ill) (Pallmeyer, J.); *citing Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001) (internal citations omitted). While these cases deal with second hand tobacco smoke and the smoke in the present case comes from burnt milk cartons, the principle remains the same. *See Roach v. Sheahan*, No. 03 C 6481 2004 U.S. Dist. LEXIS 12509 *6 (N.D. Ill.) (Pallmeyer, J.)

The Clerk shall issue summonses for service of the complaint on Defendants. The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

Plaintiff's motion for the appointment of counsel is denied without prejudice. At this stage, the case does not appear to involve complex discovery or an evidentiary hearing. *See Pruitt v. Mote*, 503 F.3d 647, 656-59 (7th Cir. 2007). As Plaintiff appears more than capable of presenting his case, the Court declines to appoint counsel for Plaintiff at this time. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.