Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1375 | **DATE** | August 30, 2011 |
| **CASE TITLE** | Nelson L. Bryant (#2008-0026265) v. County of Cook, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to amend his complaint [#34] is granted. On initial review pursuant to 28 U.S.C. § 1915(A) the Court finds that Plaintiff's third amended complaint [#35] (erroneously labeled as Second Amended Complaint) may proceed. Summons shall issue as to Defendants Correctional Officer Wright and David Fagus and the U.S. Marshal service is directed to effect service. In addition, the Clerk shall send Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. The Court will not accept any further amended complaints in this case without good cause and as justice requires. Defendants shall answer the third amended complaint within 30 days of the date of this order. Plaintiff's motion for appointment of counsel [#36] is denied.

■[**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Plaintiff, a pre-trial detainee at the Cook County Jail, has submitted his third amended complaint in this case along with a motion for leave to amend his complaint. Plaintiff claims that Defendants Cook County; Cook County Sheriff Tom Dart; Former Executive Director of the Cook County Jail, Salvador Godinez; Superintendent Miller; Correctional Officer Wright; Former Director of Mental Health Services David Fagus; and Supervising Psychologist, Dr. Jones were deliberately indifferent to his mental health needs at the Cook County Jail. More specifically, Plaintiff alleges that he has serious mental health issues and that he was refused the medication Risperdal for many months. He further alleges that he made several suicide attempts. Plaintiff further alleges that his requests for a psychiatric evaluation were ignored.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the court finds that the complaint states a colorable cause of action under the Civil Rights Act for deliberate indifference to a serious mental health need as to all named defendants. *Sanville v. McCaughtry*, 266 F.2d 724, 734 (7th Cir. 2001). While a more fully developed record may belie the plaintiff's claims, the defendants must respond to the allegations in the complaint.

The court also notes that while Plaintiff previously proceeded with a deliberate indifference claim against Defendants in only their official capacities, the present complaint sufficiently alleges a deliberate indifference claim against all Defendants in both their official and individual capacities. In addition, Plaintiff has pled over his second amended complaint, which also contained an equal protection claim relating to similarly situated inmates on different tiers being treated differently. That claim is dismissed. Plaintiff will be proceeding only on his deliberate indifference claim. As this is Plaintiff's third amended complaint, and
**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

this case is now eighteen months old, this will be the final amended complaint Plaintiff will be allowed to file without seeking leave and without good cause as justice requires.

The docket reflects that Defendants Fagus and Wright have never been served in this case. The Clerk shall issue summonses for Defendants Fagus and Wright and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants Fagus and Wright. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants Fagus and Wright. Plaintiff is directed to include any necessary information regarding Defendant Wright, including a physical description, a first name, as well as a badge number to the extent that he is in possession of the information. With respect to former correctional employee, David Fagus, to the extent that counsel for Defendants is unwilling or unable to accept service for him, or any former correctional employee, the Cook County Department of Corrections shall furnish the Marshal with his last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants Wright and Fagus in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The already served Defendants shall file their answer within thirty days of the date of this order.

Plaintiff has also submitted a motion for appointment of counsel. The motion is denied. Plaintiff has proven himself to be an able litigant, filing pleadings that adequately request relief from the Court. While Plaintiff contends that he is mentally retarded and on prescription medication for various mental illnesses, his pleadings indicate that he has the adequate presence of mind and intellectual capacity to proceed *pro se*, at this point in the litigation. Should circumstances change, or the case proceed to the point where counsel would be appropriate, the Court may revisit the issue.